IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BAY-HOUSTON MANAGEMENT, LLC, § <br> DBA BAY-HOUSTON TOWING § <br>   Plaintiff, § <br> § <br> v. § <br> § <br> M/V GAS ALYSSA (IMO NO. 9364394), § <br> her engines, boilers, tackle, furniture, § <br> apparel, appurtenances, etc., *in rem*; and § <br> AZURE SHIPPING PTE. LTD., § <br> *in personam*, § <br> § <br>   Defendants. § | C.A. No. _____ <br> IN ADMIRALTY, Rule 9(h) |

## VERIFIED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Bay-Houston Management, LLC, d/b/a Bay-Houston Towing ("Plaintiff" or "Bay-Houston"), files this Verified Original Complaint against the M/V *Gas Alyssa*, IMO No. 9364394, her engines, apparel, furniture, equipment, appurtenances, tackle, etc. ("M/V *Gas Alyssa*" or "Vessel"), *in rem*, and against her owner, pro hac vice owner, manager, operator, or charterer Azure Shipping Pte. Ltd. ("Azure Shipping"), *in personam*, seeking damages and enforcement of its maritime lien, and alleges and pleads as follows.

### JURISDICTION AND VENUE

1. This Complaint presents maritime claims within the meaning of Federal Rule of Civil Procedure 9(h) and Supplemental Admiralty Rule C.

2. This Court has admiralty subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333. This is an action for breach of maritime contracts for maritime services and to enforce maritime liens. This Court also has subject matter jurisdiction under 28 U.S.C. §1331 because the claim arises under, among other things, the Federal Maritime Lien Act, 28 U.S.C. §§ 31301(4), 31341-31342. This Court also has diversity jurisdiction under 28 U.S.C. §1332. Defendant Azure Shipping is subject to personal jurisdiction in this Honorable Court because this cause of action arises out of Azure Shipping's contacts and business dealings in

this state pursuant to the contract it entered into with Bay-Houston, a resident of Texas, and the services performed in this state. Defendant M/V *Gas Alyssa* is subject to this Honorable Court's *in rem* jurisdiction because she is or soon will be located within this District.

3. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) and Supplemental Admiralty Rule C.

4. Plaintiff invokes the maritime procedures and special relief provided in Rule C of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions ("Admiralty Rules") of the Federal Rules of Civil Procedure for the arrest of the M/V *Gas Alyssa* to enforce a maritime lien as detailed herein.

## PARTIES

5. At all times material hereto, Bay-Houston was and still is a Texas corporation, with its principal place of business located at 2243 Milford, Houston, TX 77253.

6. *In rem* Defendant M/V *Gas Alyssa* is an ocean-going ship, specifically a liquefied petroleum gas carrier, and she is currently or soon will be located within this District, and more particularly at the port of Freeport, Texas.

7. *In personam* Defendant Azure Shipping Pte. Ltd. is a foreign corporation that, according to information and belief, is organized and existing under the laws of Singapore, with its principal place of business located at 1 Maritime Square #12-19, Harbourfront Centre, Singapore 099253.

## FACTS

8. Bay-Houston brings this action in order to recover money indisputably due and owing to it for necessaries and towage services provided to Azure Shipping vessels, specifically including harbor towing services for assistance berthing and unberthing the M/V *Gas Alyssa* and five other Azure Shipping vessels including M/V *Victoria Lyra*, M/V *Prima Energy*, M/V *Gas Camelot*, M/V *Pertamina Gas 1*, and M/V *Pertamina Gas 2*.

9. Bay-Houston is a local Texas company that uses its fleet of tug vessels to provide towage services for, among other things, ship assist work in the ports of Houston, Galveston, Texas City, Freeport, and Corpus Christi.

10. Azure Shipping is an owner, pro hac vice owner, charterer, operator, and/or manager of vessels that have called at Freeport, Texas for the purpose of marine transportation of liquefied petroleum gas and other materials.

11. Azure Shipping contracted with Bay-Houston for Bay-Houston to provide harbor tugs to assist berthing and unberthing many of Azure Shipping's vessels, including but not limited to the berthing and unberthing of the M/V *Gas Alyssa*, M/V *Victoria Lyra*, M/V *Prima Energy*, M/V *Gas Camelot*, M/V *Pertamina Gas 1*, and M/V *Pertamina Gas 2*, at the port of Freeport, Texas during April through August 2025.

12. For the berthing/unberthing towing services that Bay-Houston performed for Azure Shipping, Bay-Houston generated invoices and sent them by email to Azure Shipping.

13. All of the invoices that are a subject of this Complaint ("Invoices") are for necessaries that were (1) requested by Azure Shipping, (2) provided by Bay-Houston, (3) received/accepted by Azure Shipping, but (4) not paid by Azure Shipping.

14. These Invoices are fair and reasonable for the harbor tug services provided to the M/V *Gas Alyssa*, and to the other Azure Shipping vessels.

15. Azure Shipping has never disputed the charges made in the Invoices in question in this case.

16. Bay-Houston has made multiple formal demands upon Azure Shipping to pay the Invoices in question.

17. Azure Shipping said in an email that it would pay the Invoices by end of December 2025, but it failed to pay. The Invoices in question remain past due, outstanding, and unpaid.

18. As of the date of this Complaint, Azure Shipping owes Bay-Houston the principal amount of $152,636.35, plus interest. *See* Exhibit A, copy of Accounts Receivable Aging Report as of February 6, 2026.

19. Azure Shipping entered into a maritime contract for Bay-Houston to provide the towage services that are the subject of this case. A true and correct copy of the Towage Contract is attached as Exhibit B. It is dated and effective July 14, 2022, executed by Azure Shipping and Bay-Houston, and was in effect at all times material to this case. The contract incorporates and applies the rates, terms, and conditions in Bay-Houston's published tariff. Bay-Houston services are subject to the terms and conditions as detailed in Bay-Houston's published tariff, which can be found on Bay-Houston's website http://www.bayhouston.com/pdf/2019tariff.pdf. A true and correct copy of the current tariff is attached as Exhibit C.

20. According to the contract and Bay-Houston tariff, payment terms are 30 days from invoice date and outstanding amounts are subject to the maximum legal interest rate. *See* Exhibit C, p. 3.

21. The contract recites the parties' agreement that "Bay-Houston shall be reimbursed for any costs it incurs during the collection process of overdue invoices inclusive of court costs, marshal fees, attorney fees and/or other reasonable fees associated with collection." *See* Exhibit B at p. 3. Therefore, Bay-Houston is entitled to recover all its costs, fees, *custodia legis* expenses, and its attorneys' fees incurred in this case.

22. Bay-Houston performed all conditions precedent to warrant full and complete payment for the aforementioned Invoices and services.

23. Payment of all sums has been duly demanded by Bay-Houston from Azure Shipping. However, to date, the M/V *Gas Alyssa*, and her owner and her charterer, Azure Shipping, have neglected, failed and otherwise refused to pay $24,303.71 for towage services

provided to M/V *Gas Alyssa* and failed to pay the outstanding aggregate principal sum of $152,636.35, plus interest and fees, which is indisputably due and owing to Bay-Houston for the towage services provided.

24. By virtue of Bay-Houston's furnishing of "necessaries" to Azure Shipping's vessels within the meaning of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31301 et seq. ("Federal Maritime Lien Act"), Bay-Houston has maritime liens on the Azure Shipping vessels for the full amount of its claim, including a maritime lien on the M/V *Gas Alyssa* for the towage services provided to the Vessel. Azure Shipping was the owner, pro hac vice owner, manager, operator, and/or charterer of the M/V *Gas Alyssa*, M/V *Victoria Lyra*, M/V *Prima Energy*, M/V *Gas Camelot*, M/V *Pertamina Gas 1*, and M/V *Pertamina Gas 2*, at all material times with authority to procure necessaries and incur maritime liens on these vessels.

25. Bay-Houston seeks an order of arrest of M/V *Gas Alyssa*, including her engines, tackle, equipment, apparel, etc., *in rem*, in accordance with Admiralty Rule C because this Vessel can be found within this District.

## CAUSES OF ACTION

### A. BREACH OF CONTRACT

26. Plaintiff repeats and re-alleges each and every allegation contained in all preceeding paragraphs and incorporates those allegations herein.

27. Each time Azure Shipping requested harbor tug services from Bay-Houston, Bay-Houston and Azure Shipping entered into a contract for Bay-Houston to provide tugs to assist Azure Shipping vessels berth and unberth at certain terminals, including but not limited to providing towage services to the M/V *Gas Alyssa*, along with several other Azure Shipping owned, managed, operated, and chartered vessels. These contracts for harbor tug towage

services are maritime contracts. All the towage services provided by Bay-Houston that are the subject of this case were performed pursuant to the Towage Contract attached as Exhibit B.

28. Bay-Houston performed the work it was contracted to perform as indicated in the Invoices in question and in the A/R Aging Report attached as Exhibit A.

29. Azure Shipping, however, has not performed its contractual obligations to pay for the services provided and accepted on behalf of the M/V *Gas Alyssa*, along with several other Azure Shipping owned, managed, operated, and chartered vessels.

30. Azure Shipping's nonperformance and failure to pay the Invoices is a breach of the parties' contract.

31. As a result of this breach, Azure Shipping owes the amounts due per the Invoices, in addition to penalties and interest.

32. As of the date of this filing, Azure Shipping owes the principal sum of $152,636.35, plus interest, for the services provided to the M/V *Gas Alyssa*, and to several other Azure Shipping owned, managed, operated, and chartered vessels. *See* Exhibit A. Azure Shipping's breach of maritime contract caused damage to Bay-Houston for the full principal amount of the Invoices, plus interest, plus attorneys' fees and all costs incurred to collect this debt.

## B. RULE C ARREST OF VESSEL

33. Plaintiff repeats and re-alleges each and every allegation contained in all preceeding paragraphs and incorporates those allegations herein.

34. As a result of the failure of M/V *Gas Alyssa* and her owner, pro hac vice owner, manager, and charterer, Azure Shipping, to pay Bay-Houston for the towage services provided to the M/V *Gas Alyssa*, under the terms of Bay-Houston's contract and Tariff and also by operation of law, Bay-Houston's claim for the principal amount of $24,303.71 plus interest and

fees attaches a maritime lien on the M/V *Gas Alyssa* in favor of Bay-Houston, and is enforceable by suit *in rem.* See 46 U.S.C. §§ 31301(4), 31341-31342.

35. Accordingly, Bay-Houston seeks to enforce its maritime lien pursuant to Admiralty Rule C by arresting the M/V *Gas Alyssa*.

## ATTORNEYS' FEES

36. As a result of Azure Shipping's breach, and its failure and refusal to pay for the services provided and the Invoices in question as evident by the A/R Aging Report attached as Exhibit A, Bay-Houston has been forced to retain legal counsel and seeks reimbursement for its reasonable attorneys' fees as provided for in Bay-Houston's maritime contract and Tariff and as required by the laws of the Honorable Court.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Bay-Houston Towing prays as follows:

a) That this Verified Complaint be deemed good and sufficient;

b) That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, be issued against the M/V *Gas Alyssa*, *in rem,* and Azure Shipping, *in personam*, citing them to appear and answer under oath, all and singular, the matters alleged in the Verified Complaint;

c) That pursuant to Admiralty Rule C, this Court issue an Order directing the Clerk of Court to issue a Warrant of Maritime Arrest, arresting the M/V *Gas Alyssa*, her apparel, equipment, engines, freight, tackle, etc.;

d) That a warrant for the arrest of the M/V *Gas Alyssa* be issued and that the Vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein against the M/V *Gas Alyssa*, *in rem*, and against Azure Shipping, *in personam*;

e) That after due proceedings, judgment be entered in favor of Bay-Houston and against the M/V *Gas Alyssa*, *in rem,* and against Azure Shipping Pte. Ltd., *in personam*, for the

7

principal amount of $152,636.35 plus prejudgment interest, post-judgment interest, costs, *custodia legis* expenses, attorneys' fees, and disbursements for this case;

  f) That the M/V *Gas Alyssa*, *in rem,* after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Bay-Houston out of the proceeds of the said sale the full amount of its claim, together with pre-judgment interest, post judgment interest, costs, *custodia legis* expenses, and attorneys' fees;

  g) That the Court grant Bay-Houston such other and further relief as may be just, equitable, and proper.

        Respectfully submitted,

        **HOLMAN FENWICK WILLAN USA LLP**

        */s/ Christopher R. Hart*
        Christopher R. Hart
        Fed. ID No. 12517
        Texas: 09136310
        Thomas N. Lightsey III
        Fed.ID No.: 84829
        Texas: 12344010
        3040 Post Oak Blvd, Fl 18, Suite 129
        Houston, Texas 77056
        Telephone: (713) 917-0888
        Telefax: (713) 953-9470
        **ATTORNEY-IN-CHARGE for**
        **PLAINTIFF,**
        **BAY-HOUSTON MANAGEMENT, LLC,**
        **dba BAY-HOUSTON TOWING**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BAY-HOUSTON MANAGEMENT, LLC, DBA BAY-HOUSTON TOWING<br>  Plaintiff,<br><br>v.<br><br>M/V GAS ALYSSA (IMO NO. 9364394), her engines, boilers, tackle, furniture, apparel, appurtenances, etc., *in rem*; and AZURE SHIPPING PTE. LTD., *in personam*,<br><br>  Defendants. | §§§§§§§§§§§§§§   C.A. No. _____<br>IN ADMIRALTY, Rule 9(h) |

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. § 1746, Kevin Lenz declares:

1. I am employed as Vice President of Bay-Houston Management, LLC, d/b/a Bay-Houston Towing, the Plaintiff in the above captioned dispute.

2. I have read the foregoing Verified Original Complaint and know the contents thereof.

3. The facts asserted in paragraphs 5 through 32 of the Verified Original Complaint, and any other facts asserted in it, are true and correct within my personal knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 3, 2026 at Houston, Texas.

Signed: /s/ Kevin Lenz

Kevin Lenz,
Vice President,
Bay-Houston Management, LLC,
d/b/a Bay-Houston Towing

9